IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA HUNT ) | |
| ) | No. 22 C 374 |
| Plaintiff, ) | |
| ) | |
| vs. ) | JURY DEMAND |
| ) | |
| THE WINSTON KNOLLS SCHOOL ) | |
| ) | |
| Defendant. ) | |

COMPLAINT

Plaintiff Laura Hunt (Plaintiff), through her attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., respectfully states her complaint against defendant the Winston Knolls School (Defendant).

Nature of the Case

1. This action is brought to vindicate Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e (Title VII), and the Illinois Human Rights Act, 775 ILCS 5/1 (IHRA).

2. As alleged herein, in violation of Title VII and the IHRA, Defendant discharged Plaintiff for unlawful reasons, including based on her sex (female).

3. As also alleged herein, in addition or alternatively, in violation of Title VII and the IHRA, Defendant discharged Plaintiff in retaliation for reporting unlawful harassment and discrimination.

1

4. For the reasons stated herein, the complaint seeks an award of legal and equitable relief to prevent Defendant from discriminating or retaliating against employees in the future.

5. In addition, for the reasons stated herein, the complaint seeks an award of legal and equitable relief in the form of actual, compensatory and punitive damages, including an award for reasonable costs and fees.

### Parties, Jurisdiction and Venue

6. Plaintiff resides in this judicial district. Plaintiff is female.

7. Defendant Winston Knolls School (Defendant) is a corporation incorporated under the laws of the State of Illinois.

8. Defendant is a special education center that provides education programming, professional related therapeutic services, and transitional training for individuals with Autism Spectrum Disorder and other related special needs.

9. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 & 1367.

10. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the events giving rise to Plaintiff's claims occurred within this district.

### Facts Common to All Claims

11. From May, 2018, to March, 2019, Plaintiff worked for Defendant as an independent contractor providing program consultation.

12. In March, 2019, Defendant hired Plaintiff as a full-time employee with the title "Clinical and Training Director."

13. In June 2020, Plaintiff's responsibilities included direct supervision of the related services department and the classroom assistants, among other things.

14. Plaintiff met or exceeded Defendant's legitimate employment expectations.

15. During her employment, Plaintiff's male supervisor Robert Lee (Lee) repeatedly made derogatory statements about Plaintiff and other female employees based on their sex (female).

16. For example, Lee stated a male employee with less advanced credentials and inconsistent job performance would make "an excellent leader." When Plaintiff inquired why the male employee was a preferred leadership candidate over her, Lee stated "because he doesn't bitch like women do."

17. As another example, when Plaintiff reported to Lee the unethical and illegal activities of a female coworker, Lee told Plaintiff she needed to "calm down" and "this is just catty bullshit."

18. Lee and Defendant's other high-ranking male employees spoke negatively about Plaintiff and other female employees in sexist ways for being "overly assertive."

19. For example, when Plaintiff inquired why male employees were assigned leadership and supervisory responsibilities, and were given executive titles, and she was not awarded a comparable status, Plaintiff was told she was being "too ambitious."

20. Defendant treated less experienced and less qualified male employees better than Plaintiff.

21. On several occasions, Plaintiff reported and opposed discrimination and harassment based on sex.

22. Plaintiff repeatedly complained to Defendant about the different terms and conditions of her employment to no avail.

23. For example, Plaintiff reported the derogatory sexist statements to Robert Lee's male supervisor Brian Ozog (Ozog).

24. On February 4, 2021, Plaintiff again reported gender stereotyping and inequity and requested to discuss the matter with Ozog.

25. On February 16, 2021, Plaintiff met with Lee and Ozog. Plaintiff was informed her employment was terminated immediately due to alleged gross misconduct.

26. Defendant's employees knew or should have known that Plaintiff did not engage in gross misconduct.

27. Defendant's employees knew or should have known that Plaintiff's conduct did not warrant termination.

28. Defendant's employees do not honestly believe the reasons they gave for discharging Plaintiff.

29. For these and other reasons, Plaintiff was discharged for pretextual reasons.

30.     Upon information and belief, a similarly situated male employee was treated more favorably than Plaintiff when he was discharged by Defendant.

31.     Upon information and belief, Defendant replaced Plaintiff with a male employee to perform the substantially same duties and responsibilities Plaintiff performed before she was discharged.

32.     For these and other reasons, Plaintiff was subjected to unlawful discrimination based on sex (female) in violation of Title VII and the IHRA.

33.     For these and other reasons, Plaintiff was subjected to unlawful retaliation for engaging in protected activity in violation of Title VII and the IHRA.

34.     Within 300 days of her discharge, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

35.     Defendant's intentional actions in engaging in and condoning discrimination and retaliation against Plaintiff caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other damages.

Count I
(Violation of Title VII – Sex Discrimination)

1-35.   Plaintiff re-states and incorporates by reference the paragraphs above as if fully stated herein.

36. In direct violation of the Title VII, Defendant engaged in the discriminatory acts alleged herein arising out of, and related to, the Charge of Discrimination, attached as Exhibit 1.

37. In direct violation of Title VII, Defendant discriminated against Plaintiff by, among other ways, discharging her.

38. Defendant's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

39. As a result of Defendant's discriminatory conduct, Plaintiff has suffered injury to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief including front pay.

WHEREFORE, Plaintiff seeks entry of a court order as follows:

A. A finding be entered that Defendant intentionally violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* by discriminating against Plaintiff based on sex;

B. Making the Plaintiff whole by paying for lost back pay, employee benefits and retirement benefits;

C. For attorney's fees and costs of this suit, including expert witness fees;

D. For pre-judgment interest in an amount to be determined at the time of trial; and

E. For such other relief as is just and equitable.

Count II
(Violation of Title VII – Retaliation)

1-39. Plaintiff re-states and incorporates by reference the paragraphs above as if fully stated herein.

40. Plaintiff engaged in protected activity under Title VII by reporting and/or opposing unlawful harassment and discrimination at work.

41. Defendant retaliated against Plaintiff for engaging in protected activity, among other ways, by discharging her.

42. In direct violation of the Title VII, Defendant engaged in the retaliatory acts alleged herein arising out of, and related to, the Charge of Discrimination, attached as Exhibit 1.

43. Defendant's retaliatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

44. As a result of Defendant's retaliatory conduct, Plaintiff suffered injury to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief including front pay.

WHEREFORE, Plaintiff seeks entry of a court order as follows:

A. A finding be entered that Defendant intentionally and willfully retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*;

B. Making the Plaintiff whole by paying for lost back pay, employee benefits, retirement benefits and punitive damages;

C. For attorney's fees and costs of this suit, including expert witness fees;

    D.    For pre-judgment interest in an amount to be determined at the time of trial and

    E.    For such other relief as is just and equitable.

### Count III
### (Violation of the IHRA)

1-44.    Plaintiff re-states and incorporates by reference the paragraphs above as if fully stated herein.

45.    In direct violation of the IHRA, Defendant engaged in the discriminatory and retaliatory acts alleged herein arising out of, and related to, the Charge of Discrimination, attached as Exhibit 1.

46.    Defendant's discriminatory and retaliatory conduct, as alleged herein, was done with malice and/or with reckless indifference to Plaintiff's rights.

47.    As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff suffered injury to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief.

WHEREFORE, Plaintiff seeks the following relief as to Count III:

    A.    A finding be entered that Defendant intentionally and willfully retaliated against Plaintiff in violation of the IHRA;

    B.    Order the Defendant to make Plaintiff whole by entering an order awarding appropriate back pay, front pay, and any other actual and compensatory damages as determined by the fair and enlightened conscience of a jury as well as any affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices;

B.    Award reasonable attorneys' fees, costs, and litigation expenses; and

C.    Award any other relief the Court deems just or equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

/s/ Jeffrey R. Kulwin

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 N. Clark, Suite 2500
Chicago, IL 60601
312-641-0300
jkulwin@kmklawllp.com